## 250      BLISS v. RAYNOR.

ERNEST F. BLISS, JR., and ALBERT E. BLISS, Respondents, v. FRANK C. RAYNOR, Appellant, Impleaded with WILLIAM S. RAYNOR.

*Property exempt from execution — insurance upon exempt property — waiver of the exemption.*

The court will not order money, which is due a defendant from an insurance company, because of a loss by fire, under a policy of insurance covering property exempt from execution, to be paid to a receiver of the judgment debtor, appointed in proceedings supplementary to execution.

The fact that the judgment debtor at one time expressed a willingness that this disposition should be made of the moneys in question is immaterial, where it appears that he changed his mind before an application was made by the creditor for an order to that effect.

APPEAL by the defendant, Frank C. Raynor, from an order of the County Court of Suffolk county, entered in the office of the clerk of the county of Suffolk on the 26th day of April, 1895, directing the New York Underwriters' Agency and the Norwich Union Fire Insurance Company forthwith to pay to one Ernest W. Tooker, receiver of the property of Frank C. Raynor, the amount due from said companies, over and above one-half the amount due upon a judgment recovered in favor of one Henry Sayre against said Frank C. Raynor and William S. Raynor, and also from an order entered in said clerk's office on the 15th day of June, 1895, denying said defendant's motion to vacate such order, and vacating the stay of proceedings granted thereunder.

*Timothy M. Griffing*, for the appellant.

*Walter H. Jaycox*, for the respondents.

DYKMAN, J.:

This is an appeal from an order of the County Court of Suffolk county requiring two insurance companies to pay to the receiver of the property of the defendant, the amount due from each company over and above one-half of the amount due upon a judgment in favor of one Henry Sayre against said Frank C. Raynor and William S. Raynor, and also from an order of the County Court denying the application of the appellant to vacate and set aside the first-mentioned order.

The sole question involved is whether the sum of $144.90, due the defendant, Frank C. Raynor, from two insurance companies upon an insurance of exempt property, shall be paid to the receiver in supplementary proceedings in this action or to the judgment debtor. The pretense for the payment of the money to the receiver is that the judgment debtor once expressed his willingness to have it so applied.

A sufficient answer to that position is that the appellant has repented and now claims his legal rights, and no one has been or will be injured by the change.

The exemption from seizure and sale of certain property of a householder is a humane provision in favor of families, and it is the duty of the courts to enforce its execution.

The family of the judgment debtor is entitled to the protection and benefit of this benign statute, and these orders defeat that intention.

The orders should be reversed, with ten dollars costs and disbursements, and the money in question be directed to be paid to Frank C. Raynor.

BROWN, P. J., and PRATT, J., concurred.

Orders reversed, with ten dollars costs and disbursements, and money directed to be paid to Frank C. Raynor.