## In re Charles S. BARTOSZEWSKI, Mary J. Bartoszewski, Debtors.

### Bankruptcy No. 83 00413.

United States Bankruptcy Court, N.D. New York.

Feb. 2, 1984.

Michael A. Wineburg, Auburn, N.Y., trustee.

Lee E. Woodard, Syracuse, N.Y., for debtors.

## MEMORANDUM—DECISION AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

This proceeding comes before the Court pursuant to the Trustee's motion filed on August 11, 1983 objecting to Charles S. and Mary J. Bartoszewski's (hereinafter, the Debtors) claimed exemption of a $1,200.00 monetary inheritance (hereinafter, the Property) received by the Debtors more than three months post petition.

The parties hereto have submitted stipulations of fact. They are as follows:

1. On April 12, 1983, the Debtors filed a voluntary petition, pursuant to Chapter 7, Title 11, U.S.C. (hereinafter, the Code);

2. On July 5, 1982, prior to the filing of the Debtors' petition, Edward Bartoszewski (hereinafter, the Deceased) died;

3. On or about July 15, 1983, pursuant to the distributive laws of New York State, the Debtors received an inheritance or bequest in the sum of $1,250.00;

4. Subsequent thereto, the Debtors claimed the Property as an exemption pursuant to the New York State exemption scheme as set forth at New York Debtor & Creditor Law § 283(2) (McKinney 1982);

5. The Trustee filed an objection on August 11, 1983, asserting the Property constitutes a non-exempt asset of the estate.

■ Personal bankruptcy exemptions are determined and evaluated as of the date the petition for relief is filed. *In re Cameron*, 25 B.R. 119, 120 (Bkrtcy.W.D.Oh.1982). Thus, the issue presented to the Court is whether the Property constitutes exempt property pursuant to the New York State personal exemptions as of the date the Debtors' petition was filed.

■ The applicable section of the New York exemption scheme is § 283(2) of the Debtor & Creditor Law. Section 283(2) per-

tinently provides that debtors "may exempt *cash* in the amount ... of two thousand five hundred dollars. For purposes of this subdivision, cash means currency of the United States at face value, the right to receive a refund of ... taxes, and deposit accounts in any state or federally chartered depository institution." (Emphasis added). The specific legal question before the Court is whether a vested future right to payment of a monetary inheritance in existence on the date of the petition, constitutes "cash" within the purview of § 283(2).

At the inception, the Court notes that § 283(2) defines "cash" in narrow and extremely limited terms. A review of the definition demonstrates that there is no consideration of a vested future right to a cash payment. In addition, the instant proceeding constitutes a case of first impression as our research failed to uncover any cases on point.

In an attempt to gain a more thorough grasp of the intent of the Legislature when it drafted § 283(2), the Court reviewed the only published legislative history in this regard. The only guidance is provided in an Executive Memorandum Chap. 540, 205th Leg., 1982 New York Sess.Law Serv. A–367 (hereinafter, Memo). In essence, this Memo establishes the intent of the Legislature in drafting the New York State bankruptcy personal exemptions was to restrict the monetary amount of personal exemptions in comparison with the more liberal federal exemption scheme located at Code § 522(d). However, the Legislature also reiterated its intent to ensure that debtors retain the opportunity to receive a "fresh start" which is fair and reasonable.

The Court is faced with a quandary as its research fails to provide much guidance in regard to the instant proceeding. A strict interpretation of § 283(2) would deny the Debtors their claimed exemption. However, if only a slightly different set of facts occurred, this proceeding would not have been filed by the Trustee. For example, if

the administrator of the estate had actually paid the $1250.00 to the Debtors even one day prior to the day the Debtors filed their petition, the Debtors would have been free to invoke their "cash" exemption provided at § 283(2). However, in the instant case, on the date of the petition, although the Debtors possessed a vested right to receive a $1250.00 cash inheritance from the estate of the Deceased, the cash inheritance was not paid over to the Debtors until more than three months post petition. Therefore, whether a debtor would be permitted to take a "cash" exemption could depend on how efficient and expeditious a particular probate proceeding is completed.

Further, if the Court were to grant the Trustee's motion, this would create a precedent whereby a person in a similar situation as the Debtor, who is contemplating filing a petition for relief, would have to either wait until actual payment is received of a vested inheritance before filing a petition for relief or file the petition and risk losing such inheritance [1] as the vested right would not qualify for the "cash" exemption pursuant to § 283(2).

In review of the Memo, especially the Legislature's intent to retain a reasonable and fair "fresh start" for the debtor, it is clear that the situation in the instant case was not within the intent of the drafters at the time § 283(2) was enacted. Therefore, in the interest of justice and pursuant to the equitable powers vested in the Court, I hold that a vested future right to payment of inheritance money is "cash" within the purview of § 283(2) of the New York Debtor and Creditor Law. I, therefore, deny the Trustee's motion objecting to the Debtors' claimed exemption. The Debtors will be permitted to claim the Property as exempt property of the estate.

Based on the foregoing, the Trustee's motion objecting to the Debtors' claimed exemption be and the same is hereby denied.

1. This risk would only arise if the payment of the vested monetary inheritance occurred within 180 days of the petition date, as payments received subsequent thereto would not constitute property of the estate. Code § 541(a)(5)(A).