**In re Harold W. DOYLE, Debtor.**

**James B. DOYLE, Plaintiff,**

v.

**Harold W. DOYLE, Defendant.**

**Bankruptcy Nos. 82–21136, 84–2012A.**

United States Bankruptcy Court,
W.D. New York.

Sept. 26, 1984.

Robert M. Hardies, Rochester, N.Y., for defendant.

James B. Doyle, Rochester, N.Y., for plaintiff.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is a motion by the debtor to amend his schedules to claim the New York exemptions rather than the federal exemptions, to include the debtor's interest in a John Hancock Bond Fund, Inc., to designate the bond fund as cash and, therefore, exempt property under New York State Debtor and Creditor Law § 283(2), and to include a 1977 automobile valued at $1,525. The trustee objects to the part of the motion claiming the bond fund as exempt property.

The facts are as follows. The debtor filed a Chapter 7 petition on October 4, 1982. The debtor received his discharge on February 4, 1983. On February 22, 1983, the debtor made this motion to amend his schedules, and the trustee objected in part. Briefs were never filed as ordered; so the Court will consider it submitted and decide.

The question presented is whether a bond fund comes within the definition of cash under Section 283(2) of New York's Debtor and Creditor Law and can be claimed as exempt property.

Section 283(2) New York Debtor and Creditor Law defines cash as follows:

For the purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.

Two cases involving the definition of cash in said statute have been published. The case of *In re Bartoszewski*, 36 B.R. 424 (Bankr.N.D.N.Y.1984) held that a debtor's pre-petition vested right to a future cash payment from an inheritance constituted cash within the meaning of § 283(2). The second case, more closely resembles the facts in the case at bar. In *In re Bartley*, 33 B.R. 768 (Bankr.E.D.N.Y.1983), the court held that the debtor's shares of corporate stock did not come within

§ 283(2)'s definition of cash and, therefore, could not be claimed as exempt.

The reasoning of the court in *Bartley* is reproduced below:

Debtor's position is refuted by reference to several rules of statutory construction. When faced with a question of statutory construction, a court must first look to the language of the statute. *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed.2d 442 (1917). A statutory determination declaring what a term "means" excludes any other meaning. *Colautti v. Franklin*, 439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979); *C-Line, Inc. v. U.S.*, 376 F.Supp. 1043 (D.R.I.1974); *Motland v. U.S.*, 192 F.Supp. 358 (N.D.Iowa 1961). The fact that a statute is to be liberally construed does not authorize redrafting the unambiguous language of a statute; see e.g., *Chapiewsky v. G. Heileman Brewing Co.*, 297 F.Supp. 33 (W.D.Wis.1968).

Section 283(2) of the Debtor and Creditor Law specifically defines cash and fails to include corporate stock within such definition. Under the doctrine of inclusio unius est exclusio alterius, debtor's position is untenable.

Under the statutory framework of Article 10–A generally, specific types of property are enumerated as having exempt status. Nothing in the language of the article permits the conclusion that a debtor may exempt other non-enumerated property in substitution for property protected under the statute. *In re Bartley*, 33 B.R. at 771.

In our case, the debtor claims a John Hancock Bond Fund should be considered cash, as defined by New York State Debtor and Creditor Law § 283(2). The debtor argues that if the bond fund had been converted to cash pre-petition it would now be exempt. This reasoning is not relevant. If the court adopted the debtor's logic, all debtors could convert post-petition and any non-exempt asset would become exempt. This was not the legislative intent of the exemption statutes. A bond fund is not listed in the definition of cash in New York

State Debtor and Creditor Law § 283(2). By applying the reasoning and the rules of statutory construction cited by *Bartley,* (supra), the bond fund is not cash as defined by New York State Debtor and Creditor Law § 283(2) and, therefore, cannot be claimed as exempt property.

The other parts of the debtor's motion to amend are granted and it is so ordered.