In re Hess Dell JOINER, Debtor.

Hess Dell JOINER, Plaintiff,

v.

Warren H. HEILBRONNER, Defendant.

Bankruptcy No. 85–20183.

United States Bankruptcy Court,
W.D. New York.

Aug. 14, 1985.

Thomas A. Corletta, Rochester, N.Y., for debtor.

**42**

Warren H. Heilbronner, Rochester, N.Y., trustee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtor filed a petition for relief under Chapter 7 of Title 11, United States Code, on February 15, 1985. On May 20, 1985, the debtor made a motion before this Court to amend the petition to include $1,500 as exempt property on his Schedule B-4. The property to be added was listed in the motion as a 1985 Eastman Kodak Company Bonus. The trustee has objected to the listing of the $1,500 as being exempt property and has requested an order directing that the property in question be turned over to the trustee for inclusion in the estate as a non-exempt asset.

The facts are as follows. The debtor is presently employed by the Eastman Kodak Company in Rochester, New York. He has been employed with that organization since 1975. Prior to the filing of the debtor's petition, the Eastman Kodak Company designated a dollar amount which would be divided up among certain employees of the organization, including the debtor, based upon many factors such as the employee's salary and years of service. The debtor's share was calculated to be approximately $1,500. The distribution of this fund to the employees was set to occur at a future date certain which was subsequent to the filing of the debtor's petition.

The debtor's theory that the property in question may be claimed as exempt property stems from his interpretation of Section 283 of New York's Debtor and Creditor Law which specifies New York's personal exemptions as allowed by 11 U.S.C. § 522(b) of the Bankruptcy Code. The pertinent part of the statute which the debtor relies upon is the following language of subdivision (2):

The Debtor—

may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions referred to in subdivision one of this section or in the amount of two thousand five hundred dollars, whichever amount is less. For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.

The debtor believes that the money received by him from the Eastman Kodak Company fund was a vested right to cash on the date that his petition for relief was filed and that it fell within the so called New York cash exemption.

The question presented is whether money which was designated by a company to be distributed at a future date certain to the debtor comes within the definition of cash and therefore is eligible as exempt property as defined by Section 283(2) of New York's Debtor and Creditor Law when the designation by the company took place prior to the filing of the debtor's petition but the distribution date and actual receipt of the money by the debtor was subsequent to that filing.

An analysis of the definition of cash under Section 283(2) has already been made by this Court in the case of *In re Doyle,* 42 B.R. 615 (Bankr.W.D.N.Y.1984). That decision relied heavily on the statutory construction language cited in the case of *In re Bartley,* 33 B.R. 768 (Bankr.E.D.N.Y. 1983) and is again reproduced below:

Debtor's position is refuted by reference to several rules of statutory construction. When faced with a question of statutory construction, a court must first look to the language of the statute. *Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). A statutory determination declaring what a term "means" excludes any other meaning. *Colautti v. Franklin,* 439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979); *C–Line, Inc. v. U.S.,* 376 F.Supp. 1043 (D.R. I.1974); *Motland v. U.S.,* 192 F.Supp. 358 (N.D.Iowa 1961). The fact that a

statute is to be liberally construed does not authorize redrafting the unambiguous language of a statute; see e.g., *Chapiewsky v. G. Heilman Brewing Co.*, 297 F.Supp. 33 (W.D.Wis.1968).

Section 283(2) of the Debtor and Creditor Law specifically defines cash and fails to include corporate stock within such definition. Under the doctrine of inclusio unius est exclusio alterius, debtor's position is untenable.

Under the statutory framework of Article 10–A generally, specific types of property are enumerated as having exempt status. Nothing in the language of the article permits the conclusion that a debtor may exempt other non-enumerated property in substitution for property protected under the statute. *In re Bartley*, 33 B.R. at 771.

Applying the above rules of statutory construction and the logic of *Bartley* to the facts in the case at bar, it is readily apparent that the money received by the debtor subsequent to the filing of his petition for relief is not cash as defined in Section 283(2).

The language of the statute is clear and unambiguous on its face. The statute lists four categories which "mean" cash for the applicable subdivision. The statutory definition of cash excludes any other meaning. The four categories of cash in the said section are; (1) currency of the United States at face value, (2) savings bonds of the United States at face value, (3) the right to receive a refund of federal, state and local income taxes, and (4) deposit accounts in any state or federally chartered depository institution. The money received by the debtor does not fall within the four categories. Therefore, the property is not cash and cannot be exempted under Section 283 of the New York Debtor and Creditor Law.

The motion to amend the debtor's petition to allow the $1,500 exemption is denied and it is ordered that the said property be turned over to the trustee as non-exempt property of the estate.