In re Elizabeth A. TERRY, Debtor.

Louis A. RYEN, as Trustee in
Bankruptcy, Plaintiff

v.

Elizabeth A. TERRY and Bertha
Terry, Defendants.

Bankruptcy Nos. 85–20003, 85–2020A.

United States Bankruptcy Court,
W.D. New York.

Jan. 22, 1986.

Lacy, Katzen, Ryen & Mittleman by:
David D. MacKnight, Rochester, N.Y., for
trustee.

William G. Madigan, Bath, N.Y., for
debtor.

George V. Cook by William O'Brien, Syracuse, N.Y., for Beneficial Finance.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy
Judge.

This adversary proceeding was commenced by the filing of a complaint by the
trustee, Louis A. Ryen. The complaint alleges that the debtor, Elizabeth A. Terry,
received, subsequent to the filing of her
petition for relief, approximately $51,000 as
settlement for an action which was pending
prior to her filing. The trustee is seeking
immediate possession of the proceeds of
the settlement under 11 U.S.C. § 542(a).

The facts leading up to this adversary
proceeding are as follows. On January 2,
1985, the debtor filed her petition and most
of the appropriate required documentation.
On January 16, 1985, the debtor's Schedule
of Current Income and Expenditures was
filed with this Court. The Schedule of
Current Income included under the heading

"Other monthly income" a reference to "Disability settlement pending unsure as to amount or form such settlement will take—Workers Comp." At that point in time, the above statement located within the Schedule of Current Income and Expenditures was the only reference to an action or possible settlement of that action within the debtor's file.

On or about February 8, 1985, the debtor received the proceeds of a $51,000 settlement, less attorney's fees of $6,630. The settlement stemmed from a petition filed by the debtor which requested the Commonwealth of Virginia, its agencies, or its subdivisions, to provide a lump sum payment in lieu of bi-monthly workers compensation payments which were being received by the debtor because of a June, 1979 industrial accident. Twenty-five thousand dollars of the settlement was immediately converted into treasury bills listing the debtor as the owner of the funds pursuant to the settlement agreement. The remaining amount of approximately $19,000 was received by Elizabeth Terry while she was temporarily in Florida.

Soon after receiving the approximately $19,000, the debtor sent the funds to her mother, Bertha Terry, in New York. The debtor allegedly transferred those funds to her mother for safe keeping because she did not have a bank account in New York. A stipulation entered into by the attorneys for the debtor and for the trustee states that Elizabeth Terry retained a beneficial interest in the approximately $19,000, but Bertha Terry held legal title to those funds which were deposited into a bank account solely in the mother's name. It has also been stipulated that no trust or other similar agreement was reduced to writing and no oral trust or similar agreement was made except that there was a general understanding that the funds would be available for the debtor's use, if and when needed. Bertha Terry has neither objected to the aforementioned stipulation nor has she made any claim as to being the owner of the funds in question.

On February 22, 1985, a meeting of creditors was held. At that meeting, the trustee and an attorney for a creditor inquired as to the status of the workers compensation action. The debtor testified as to the settlement and fully disclosed all relevant facts.

Less than one week after the meeting of creditors, the trustee filed this adversary proceeding. The trustee also sought and received an order from this Court staying and enjoining Elizabeth Terry and Bertha Terry from selling, giving away, encumbering, or in any other manner dealing with or transferring bonds, cash or bank accounts in the aggregate sum of $45,000.

On two separate occasions, shortly after the filing of the adversary proceeding, the debtor filed amended schedules of the debtor's property which attempted to exempt the settlement funds. The mere filing of the schedules with this Court did not conform to the proper procedure for amending one's petition, list, schedule, or statement of financial affairs as dictated by Bankruptcy Rule 1009. That rule requires that an amendment to a debtor's schedule be made on motion with proper notice and other necessary formalities. Consequently, no determination will be made as to the possible exemptibility of the settlement funds until the issue is ripe.

The sole question presented is whether the trustee may require the turnover of the proceeds of the settlement pursuant to subsection 542(a) of the Bankruptcy Code. Subsection 542(a) of the Code reads as follows:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is

of inconsequential value or benefit to the estate.

■ The $51,000 award granted to Elizabeth Terry was a lump sum settlement. The proceeds of that settlement are presently in the hands of three different entities. Six thousand six hundred and thirty dollars of the total award was the fee set by the Industrial Commission of Virginia as the appropriate fee for services rendered by the debtor's attorney. That amount is not part of the trustee's turnover request. Twenty five thousand dollars of the award was converted into treasury bills bearing the name of the debtor. The treasury bills were purchased pursuant to the terms of the settlement award, and therefore, were not transferred voluntarily. The remaining funds are being held by Bertha Terry for her daughter's use. The facts and circumstances surrounding those funds indicate that a bailment situation exists between the mother and her daughter. The bailment, if not one created by an express agreement, is one created by implication. Under the bailment, the debtor did not transfer her equitable nor beneficial interests in those funds to her mother.

■ The right to receive the proceeds of a legal proceeding pending at the time a bankruptcy petition is filed becomes property of the estate under the authority of 11 U.S.C. § 541(a). *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68; S.Rep. No. 989, 95th Cong., 2d Sess. 82–83, U.S.Code Cong. & Admin.News 1978, 5787; 4 *Collier on Bankruptcy* ¶ 541.10 (15th ed. 1985); *Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d 1556, 1559 (11th Cir.1985); *Bryson v. Bank of New York*, 584 F.Supp. 1306, 1315 (S.D.N.Y.1984). Because the treasury bills and the approximately $19,-000 in Bertha Terry's account are part of the debtor's estate under 11 U.S.C. § 541(a) and because both assets are in the possession of an entity other than the trustee and may be of some benefit to the estate, it is ordered that the trustee's request for the turnover of those funds is hereby granted.