**In re Dan Wayne SYKES, Debtor.**

**Bankruptcy No. 86–01452.**

United States Bankruptcy Court,
N.D. New York.

Aug. 12, 1987.

empt property. This matter comes on upon the Trustee's objection to the claimed exemption.

Debtor's wife died on May 31, 1986. Prior to her death, she had maintained a 401(K) plan, tax deferred savings account with Shearson-Lehman Brothers. By letter dated December 23, 1986, Shearson relayed to Debtor a check in the amount of $1,058.40, and Debtor declared the sum as ordinary income on his 1986 tax return. Debtor stated at the return date that he had given the money to his in-laws.

## ISSUE

Is a check representing the entirety of a tax deferred savings account maintained by a deceased spouse, received by a debtor within the 180 days following the filing of his case, exempt as "cash" pursuant to D & C Law § 283.

Randy J. Schaal, Sherrill, N.Y., Trustee.

Swartz, Evans, Dickinson & Parameter, P.C., Watertown, N.Y., for debtor; Daniel S. Dickinson, III, of counsel.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

On December 22, 1986, Dan W. Sykes ("Debtor") filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"). Pursuant to New York Debtor and Creditor Law § 282 and § 283 (McKinney Supp. 1987) ("D & C Law"), and New York Civil Practice Law and Rules § 5205 (McKinney 1978 & Supp. 1987) ("CPLR"), Debtor claimed as exempt property cash and a tax refund of $500.00, a residential security deposit of $250.00, and assorted personal property valued at $850.00.

On April 17, 1987, Debtor filed amendments to his schedules; Schedule B–2 was amended to reflect a liquidated debt due Debtor of $1,058.40, on deposit with Shearson-Lehman Brothers, and Schedule B–4 was amended to claim this account as ex-

## DISCUSSION

Code § 541(a)(5)(A) includes within the definition of "property of the estate" any interest of the debtor in property which the debtor acquires within 180 days of the case filing as a result of a bequest, devise, or inheritance.

Code § 522(b) authorizes a debtor to declare certain property of the estate as exempt from distribution to creditors. For New York debtors, this property is set forth at the referenced sections of the D & C Law and CPLR.

D & C Law § 283, subd. 2 defines "cash" as "currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution." .In previous cases, the Court has had the opportunity to construe the meaning of "cash" as defined in the statute.

In *In re Bartoszewski*, 36 B.R. 424 (Bankr.N.D.N.Y.1984) the Court held that the vested right to an inheritance not actually paid until three months after the case was filed was "cash". While admitting that D & C Law § 283 "demonstrates that

there is no consideration of a vested future right to a cash payment," *Id.* at 425, the Court nevertheless utilized its equitable powers to treat the vested future right to payment as "cash", consequently upholding the debtor's claimed exemption thereto.

The *Bartoszewski* decision was reviewed by the Court in *In re Abdo*, 65 B.R. 56 (Bankr.N.D.N.Y.1986). At the time of filing, the debtor had a vested interest in future monthly mortgage payments by virtue of the terms of an estate settlement, and claimed these as yet unreceived payments were exemptable "cash". After comparing Judge Marketos' rationale in *Bartoszewski* with certain fundamental principles of statutory construction, the Court limited the holding of the earlier case to the equitable considerations expressed therein.

In the same regard, the post petition payment to Debtor of sums from his wife's tax deferred savings account is not "cash" entitled to be claimed as property exempt from distribution during the course of his case. Consequently, the Court grants the Trustee's motion objecting to the Debtor's claimed exemption for this sum.

IT IS SO ORDERED.