**In re Kathleen H. OLMSTEAD, Debtor.**

**Louis A. RYEN, As Trustee in Bankruptcy for Kathleen H. Olmstead, Plaintiff,**

v.

**Kathleen H. OLMSTEAD, Defendant.**

**Bankruptcy Nos. 87–20174, 87–2063A.**

United States Bankruptcy Court,
W.D. New York.

Feb. 5, 1988.

Lacy, Katzen, Ryen & Mittleman by Louis A. Ryen, Rochester, N.Y., Trustee for debtor Olmstead.

Gough, Skipworth, Petralia, Summers, Eves & Trevett by William S. Wood, Rochester, N.Y., for debtor Olmstead.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This Adversary Proceeding was commenced by the Trustee to recover property allegedly belonging to the bankruptcy estate. At issue is the circumstances under which a debtor may amend schedules to include exemptions, and whether the exemption claimed in this case was proper.

Kathleen Olmstead (the "Debtor") filed her petition for Chapter 7 relief on February 6, 1987. Although the Debtor listed her assets, she failed to declare any of them exempt. On March 24, 1987, a meeting of creditors was held pursuant to 11 U.S.C. § 341. The Debtor appeared at the meeting *pro se* and was examined by the Trustee. The Trustee discovered that, in addition to the property listed in her petition, the Debtor held interest in an $1,800.00 employee bonus earned for services that she provided during the year

1986. The Trustee pressed the Debtor to reveal which of her property she intended to declare exempt. The Debtor indicated that she would declare exempt the equity in her homestead which totalled $1,016.00. Despite this representation, however, no formal action was taken to amend the Debtor's petition to include the homestead equity as exempt property.

On May 20, 1987, the Debtor received a Chapter 7 discharge. The Trustee commenced this Adversary Proceeding on July 29, 1987 to compel the Debtor to turnover the employee bonus and other cash assets. Essentially, the Trustee argues that the Debtor forfeited exempting cash and her employee bonus by electing to exempt the equity in her homestead.

On September 14, 1987, the Debtor moved, on notice to creditors and the Trustee, to amend her petition. By the Motion she sought to declare exempt $474.00 in cash and her $1,800.00 employee bonus. On September 15, 1987, the Debtor filed another Motion, this time seeking abandonment by the Trustee of his interest in her homestead. The Trustee consented in writing to the abandonment. On October 15, 1987, a hearing was held relating to the proposed amendment. At that time, no objection was raised. Accordingly, Orders issued which directed the Trustee to abandon his interest in the Debtor's homestead and permitted the Debtor to amend her petition. Now, the Trustee argues that the amendment to the Debtor's Schedule of Exemptions should not have been permitted because of its prejudicial effect on creditors. Apparently, it disturbs the Trustee that he has both relinquished his interest in the Debtor's homestead property and lost his ability to realize any benefit from the cash assets which have been declared exempt. The Trustee argues alternatively that even if the amendment be allowed, exemption of the $1,800.00 employee bonus is not permitted under the applicable New York State exemption statute.

The amendment of schedules and petitions is regulated by Bankruptcy Rule

1009. The Rule states in pertinent part that,

> A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. . . .

Rule of Bankr.Proc. 1009.

The Advisory Committee note to the Rule instructs that a lenient eye should be cast on efforts to amend schedules and petitions.

> This rule continues the permissive approach adopted by former Bankruptcy Rule 110 to amendments of voluntary petitions and accompanying papers. *Notice of any amendment is required to be given to the trustee. This is particularly important with respect to any amendment of the schedule of property affecting the debtor's claim of exemptions.* (emphasis added).

Bankruptcy Rule 1009 Advisory Committee's note.

■ In this case, the Debtor conformed the amendment of her Schedule of Exemptions to the procedures set out by Rule 1009. *See In re Terry,* 56 B.R. 713, 714 (Bkrtcy.W.D.N.Y.1986) ("Th[e] rule requires that an amendment to a debtor's schedule be made on motion with proper notice and other necessary formalities"). Here, an appropriate Motion was made on notice to interested parties including the Trustee. At the Motion hearing, the Trustee did not oppose the relief sought. Accordingly, the amendment to the Debtor's Schedule of Exemptions will be allowed. The Trustee next argues that the Debtor's employee bonus is not suitable for exemption under the controlling statute.

New York debtors are required to use the bankruptcy exemptions permitted them under State law. N.Y.DEBT. & CRED.LAW § 284 (Consol.1986);[1] *See*

1. The statute reads,

**§ 284. Exclusivity of exemptions**

In accordance with the provisions of section five hundred twenty-two (b) of title eleven of

*also In re Sheets,* 69 B.R. 542, n. 1 (Bkrtcy. W.D.N.Y.1987). Under section 282[2] of the Debtor and Creditor Law, an individual may exempt from the bankruptcy estate property which is exempt from the satisfaction of money judgments under sections 5205 and 5206 of the New York Civil Practice Law and Rules (CPLR). Pursuant to section 5205 of the CPLR, the Debtor exempted from the bankruptcy estate $2,300.00 in household furnishings and $550.00 in clothing and personal items. At her section 341 meeting, the Debtor indicated that she would also declare exempt the equity in her homestead pursuant to CPLR section 5206. As discussed above, however, no Motion was made to legitimize that exemption.

By forebearing the claim of exemption in her homestead equity, the Debtor positioned herself to utilize "the contingent alternative bankruptcy exemption" provided by section 283(2)[3] of the Debtor and Creditor Law. In effect, that statute permits the exemption of cash, not exceeding $2,500.00, by a debtor who, as here, did not use the homestead exemption, and whose claim of personal property exemptions did not aggregate more that $5,000. Under the contingent alternative bankruptcy exemption, a debtor may exempt cash, or an enumerated cash equivalent,[4] in "the amount by which five thousand dollars exceeds the aggregate of his [personal property] exemptions...."

In this case, the Debtor failed to declare a homestead exemption. Her personal property exemptions aggregate $2,850.00. Accordingly, she is entitled to exempt cash or one of its enumerated equivalents in an amount not exceeding $2,150.00 (the amount by which five thousand dollars exceeds the aggregate, $2,850.00, of her personal property exemptions). At issue, however, is whether the asset declared exempt fits the language of section 283(2). *See* nn. 4 & 5 *supra.*

This Court has twice before been faced with deciding the type of asset which fits the language of the cash exemption statute. In the cases of *In re Doyle,* 42 B.R. 615, 616–17 (Bkrtcy.W.D.N.Y.1984), and *In*

---

the United States Code, debtors domiciled in this state are not authorized to exempt from the estate property that is specified under subsection (d) of such section.
N.Y.DEBT. & CRED.LAW § 284 (Consol.1986).

**2.** The statute states in pertinent part,
**§ 282. Permissible exemptions in bankruptcy**
Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, only (i) personal and real property exempt from application to the satisfaction of money judgments under sections fifty-two hundred five and fifty-two hundred six of the civil practice law and rules, ...
N.Y. DEBT. & CRED. LAW § 282 (Consol.1986).

**3.** The statute states,
**§ 283. Aggregate individual bankruptcy exemption for certain annuities and personal property**

.   .   .   .   .

2. Contingent alternative bankruptcy exemption. Notwithstanding section two hundred eighty-two of this article, a debtor who (a) does not elect, claim or otherwise avail himself of an exemption described in section fifty-two hundred six of the civil practice law and rules; (b) utilizes to the fullest extent permitted by law as applied to said debtor's property, the exemp-

tions referred to in subdivision one of this section which are subject to the five thousand dollar aggregate limit; and (c) does not reach such aggregate limit, may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions referred to in subdivision one of this section or in the amount of two thousand five hundred dollars, whichever amount is less. For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.
N.Y.DEBT. & CRED.LAW § 283(2) (Consol. 1986).

**4.** The portion of the statute describing the assets sutiable for exemption reads,
For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.
N.Y.DEBT. & CRED.LAW § 283(2) (Consol. 1986).
At several points hereafter, reference will be made to the assets suitable for exemption under the statute as "cash or one of its enumerated equivalents."

**200**

*re Joiner,* 52 B.R. 41, 42 (Bkrtcy.W.D.N.Y. 1985), the Court construed the exemption statute narrowly and concluded that only cash or one of its enumerated equivalents were suitable for exemption. The decisions reached in *Doyle* and *Joiner* are controlling.

Here, the employee bonus was earned by the Debtor for services which she provided during the year 1986. The bonus was not paid to her, however, until March of 1987. On February 6, 1987, her bankruptcy intervened. As of that date, all the Debtor had was the right to receive her bonus in the future. The bonus was not cash or one of its enumerated equivalents when the case was commenced. Accordingly, it was not suitable for exemption and the Trustee's objection must be sustained. The Debtor is directed to turnover to the Trustee her $1,800.00 bonus and it is so ordered.