**In re James SCHAPIRO, Jill R. Schapiro, Debtors.**

**Bankruptcy No. 98–11550 B.**

United States Bankruptcy Court, W.D. New York.

March 23, 2000.

Edwin R. Ilardo, Hamburg, NY, for Trustee.

Gwennor Lloyd Carr, Buffalo, NY, for Debtors.

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 7 proceeding, the case trustee objects to the debtors' claim of a cash exemption for moneys that were to be distributed from a decedent's estate. Due to the specific nature of the bequest, this

court will allow an exemption, but only to the estate beneficiary.

James and Jill Schapiro originally filed a petition for relief under Chapter 13 of the Bankruptcy Code. In their schedules, they acknowledged Jill's interest in a probated estate. The source of this interest was a bequest under the will of Mildred Bennett, who had died prior to the bankruptcy filing. Because no distribution had yet occurred, however, the debtors' schedules assigned no value to their interest. Later, after the case converted to Chapter 7, the Shapiros amended their schedules to list the value of the bequest at $12,443, and to claim that this asset was entitled to a partial cash exemption in the amount of $5,000. The case trustee thereupon filed the present objection to the claim of exemption. Pending the decision of this court, counsel have placed the estate distribution into escrow.

■ The debtors base their claim of an exemption upon New York Debtor and Creditor Law § 283 subd. (2). It provides generally that a debtor who does not claim a homestead exemption may exempt up to $2,500 of cash. The subdivision defines cash to mean "currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution." The trustee contends that the debtors held only a claim to a decedent's estate, and that until the time of distribution, the debtors were not possessed of currency or of any of the other specified forms of cash. In response, the debtors cite the decision of the Honorable Leon J. Marketos in *In re Bartoszewski*, 36 B.R. 424 (Bankr.N.D.N.Y.1984). As in the present instance, the case involved the claim of an exemption in a monetary inheritance that the debtors had received post petition. "[I]n the interest of justice and pursuant to the equitable powers vested in the Court," Judge Marketos held "that a vested future right to payment of inheritance money is 'cash' within the purview of

§ 283(2) of the New York Debtor and Creditor Law." 36 B.R. at 425.

Having been decided in another district, *In re Bartoszewski* has no binding effect upon this court. Even within the district in which it was decided, the Bankruptcy Court has twice limited the case's holding to the facts and circumstances presented. *In re Abdo,* 65 B.R. 56 (Bankr.N.D.N.Y. 1986), *In re Sykes,* 76 B.R. 924 (Bankr. N.D.N.Y.1987). In the instant matter, however, this court need not now accept the broad holding of *In re Bartoszewski.* Rather, it is the special character of the decedent's bequest to Mrs. Schapiro that compels a similar result.

After the hearing on the trustee's objection and at the request of the court, the parties supplied a copy of Mildred Bennett's will. Its operative provision is found in paragraph "Third", which reads: "I give and bequeath to MURIAL ROBINSON the sum of FIFTY THOUSAND ($50,-000.00) DOLLARS and to any of her daughters who may survive me, the sum of TWENTY–FIVE THOUSAND ($25,-000.00) EACH." Jill Schapiro was a surviving daughter of Murial Robinson. Had she been the beneficiary of a residual bequest, this court would have had to address the same troublesome issue to which *In re Bartoszewski* speaks. Rather, the will bequeathed to Mrs. Schapiro a specific amount of dollars. Such is the currency that the Debtor and Creditor Law includes in the definition of cash. Having a right to cash, Mrs. Schapiro could properly claim an exemption for up to $2,500 of its value.

■ The debtors claimed an exemption for $5,000, presumably being the amount of $2,500 for each of the husband and wife. Only Jill Schapiro is a beneficiary under the will, however. Having had no entitlement under the will, James Schapiro may not now receive an exemption for any portion of the escrowed funds. Accordingly, the trustee's objection is sustained except for an allowed exemption to Mrs. Schapiro for $2,500 of the distribution from the estate of Mildred Bennett. The balance of

the funds now held in escrow shall be paid to the trustee for his administration.

So ordered.