Cooney *v.* Cooney.

[HERKIMER SPECIAL TERM, September 2, 1873. *Hardin*, Justice.]

---

## MARTIN COONEY *vs.* JOHN C. COONEY.

The appointment of a receiver, in proceedings supplementary to execution, vests in the receiver all the property of the judgment debtor, without any assignment. But from the operation of this rule is excepted such property of the debtor as is by statute exempt from levy and sale on execution.

The judgment debtor, being a householder having a family for which he provides, cannot be compelled to execute to the receiver an assignment of a policy of insurance, for $200, upon his household furniture, after a loss has occurred.

For a reasonable time, the debtor has a right to the insurance money, to replace the furniture, if he has not used other means for that purpose.

THE plaintiff has recovered a judgment against the defendant, upon which proceedings supplementary to execution have been taken, and a receiver appointed.

Cooney *v.* Cooney.

The defendant's household furniture was insured, in the sum of $200, in the Lycoming Insurance Company, and a loss has happened, said furniture having been destroyed by fire.

The plaintiff and said receiver move for an order directing the defendant to execute an assignment, to the receiver, of the policy of insurance, and all claims arising thereunder. The defendant is a householder, having a family for which he provides.

*Wm. J. Wallace,* for the motion.

*John C. Hunt,* opposed.

HARDIN, J.   Before the enactment of the Code, it was held that the appointment of a receiver vested in him all the debtor's personal property, without any assignment. (*Mann* v. *Pentz,* 2 *Sandf. Ch.* 257. *Wilson* v. *Allen,* 6 *Barb.* 542.) Since the Code, it has been settled that such appointment has the like effect upon the real property as well as personal estate of the debtor. (*Porter* v. *Williams,* 5 *Seld.* 148.) From the operation of this rule is excepted such property of the judgment debtor as is by statute exempt from levy and sale on execution. (*Hudson* v. *Plets,* 11 *Paige,* 180. *Andrews* v. *Rowan,* 28 *How.* 126. *Tillotson* v. *Woolcott,* 48 *N. Y.* 190. *Code,* § 297.)

In *Andrews* v. *Rowan,* and *Tillotson* v. *Woolcott,* (*supra,*) it was held that a judgment recovered against a debtor for exempt property cannot be reached by creditors. Here the debtor has not voluntarily parted with his exempt property, and it cannot be said he has waived his right to it, any more than in the cases quoted. The property was insured, and the fire rendered the insurance company liable to replace the furniture, or its equivalent in money. For a reasonable time, the debtor has a right to the money due from the insurance

company, to replace the articles of household furniture, if he has not used other means for that purpose. (*See opinion of Lott, J., in Tillotson* v. *Woolcott, supra.*)

This motion must be denied, but without prejudice to an application by the receiver to be made a party to the action brought by the judgment debtor against the insurance company; and without costs, as the question is novel.

[HERKIMER SPECIAL TERM, September 2, 1873. *Hardin,* Justice.]