BAYER v. SACK et al.

(City Court of New York, Special Term.    March, 1910.)

EXEMPTIONS (§ 57*)—HOUSEHOLD FURNITURE—PROCEEDS OF INSURANCE.

Under Code Civ. Proc. §§ 1390, 1391, exempting from execution household furniture, etc., judgment creditors cannot stay the payment to the judgment debtor of the amount of a fire insurance policy, insuring beds, bedding, and clothing belonging to the debtor and his family, since if payment is made in property it is exempt, and if payment is made in money the debtor has a reasonable time to invest it in new furniture and clothing.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 57.*]

Proceedings by Elias Bayer, judgment creditor, against Pincus Sack and others, judgment debtors. On motion to vacate order. Motion granted.

Harry Steinbock, for the motion.
Max Silverstein, opposed.

FINELITE, J.   This is a motion why a third party order heretofore issued on the 28th day of February, 1910, out of this court, stay-

---

ing the officers of the Scottish Union & National Insurance Company of Edinburgh from paying over money in its possession due to Pincus Sack, one of the judgment debtors herein, should not be vacated and set aside.

It appears from the moving affidavits that a judgment of $393.68 was obtained in this court against said Pincus Sack on the 21st day of February, 1908; that on the 23d day of February, 1910, a fire occurred in the apartments occupied by said Pincus Sack; and that beds, bedding, and clothing belonging to himself and family were destroyed, which property was covered by an insurance policy of said company to the amount of $1,300. The said damage was compromised with said company for the sum of $350, which said Sack agreed to accept for said loss. Before this money could be paid over to said Sack, the judgment creditor herein caused a third party order, containing a stay and signed by one of the justices as aforesaid, to be served upon said insurance company, thereby staying it from paying over the said sum of $350 to said Sack. The said judgment debtor claims the property destroyed to be exempt by reason of sections 1390 and 1391, Code of Civil Procedure, and also the proceeds therefrom to be exempt.

There is no question but that the contention so made is correct. Y. C. N. Bank v. Carpenter, 119 N. Y. 551, 555, 23 N. E. 1108, 7 L. R. A. 557, 16 Am. St. Rep. 855; Freeman on Executions, § 235. The judgment debtor is entitled to receive from said insurance company property equal to that destroyed or its value in money, and if it is paid in money then the said judgment debtor has a right within a reasonable time to retain the money for the purpose of replacing the property destroyed. Cooney v. Cooney, 65 Barb. 524. Nor will the court direct the insurance company to pay over the proceeds to a receiver of the judgment debtor appointed in proceedings supplementary to execution money due to judgment debtor for damage to property exempt from levy under execution. Bliss v. Raynor, 91 Hun, 250, 36 N. Y. Supp. 156; Cooney v. Cooney, 65 Barb. 524. The exemption as provided under the statute is a humane provision in favor of families, and it is the duty of the courts to enforce its execution.

Motion granted. Settle order on one day's notice.