### In the Matter of Mozella Gordon MITCHELL, Debtor.

### Bankruptcy No. 82–1292.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 8, 1982.

Charles W. Matthews, Tampa, Fla., for debtor.

George Hadley, Tampa, Fla., trustee.

Domenic L. Massari, Tampa, Fla., for Associates Financial.

### ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the right of the Debtor, Mozella Gordon Mitchell, to claim benefits of the exemption laws of the State of Florida under Art. X, § 4, Fla. Const.; Chapter 222.01 et seq., Fla.Stat. The Debtor's right to exemption is challenged by Associates Financial Services Co. of Florida, Inc. (Associates), a secured creditor and the Trustee, whose objection to the claim of exemption was scheduled to be heard on October 25, 1982.

Both Associates and the Trustee contend that the Debtor is not entitled to the claimed exemptions because she does not qualify as head of household which is an indispensable condition to the right to claim exemptions in this State.

The Court having heard testimony at a duly noticed hearing and being otherwise advised in the premises, is of the opinion that the Objection to the Claim of Exemptions is well taken for the following reasons:

Mozella Gordon Mitchell (the Debtor), is employed as a professor at the University of South Florida and also serves as the full time minister of Mt. Sinai A.M.E. Zion Church located in Tampa, Florida. On June 8, 1982, the Debtor sought the advice of an attorney regarding the possibility of seeking relief under bankruptcy. On July 1, 1982 she did indeed file a Chapter 7 Petition for Relief. In this connection, it is noted that she had obtained a discharge in bankruptcy twice previously, once in 1966 in Norfolk, Virginia and the second time in 1972 in Rochester, New York. Thus, she is not a novice lay person who is involved in a bankruptcy proceeding due to unexpected financial set backs and unfamiliar with the rights of debtors to exemptions in general.

The Debtor claimed as exempt certain personal properties in the amount of $1,000 and earned but unpaid wages of head of household in an undetermined amount. The Debtor contends that she is entitled to the claimed exemptions as head of household due to the fact that she provides financial support for both her daughter and granddaughter who currently reside with her. It further appears and it is without dispute that the Debtor's adult daughter (Mrs. Miller), is a married woman, is separated from her husband, has a child of 14 months of age, and maintained a residence in Detroit, Michigan for approximately three or four years. On June 15, 1982, or about two weeks before the Petition for Relief was filed by the Debtor, she left Detroit with her child and moved in with the Debtor and she and her child currently reside in the apartment maintained by the Debtor. The undisputed testimony reveals that Mrs. Miller is currently unemployed and intends to pursue further education in January of 1983. Although Mrs. Miller received in the past and continues to receive some public assistance, the Debtor has pro-

vided most, if not all, food and shelter for both her daughter and her granddaughter.

The record is devoid of evidence that Mrs. Miller is incapable of discharging her duties as mother of her child either due to mental or physical impairment which is permanent in nature. It is also clear that her present status and her alleged dependency on her mother is temporary. She is unemployed only by choice and is capable of caring for and making decisions regarding her child's welfare and, in fact, she has done so since the child's birth. There is no showing of the existence of any special circumstance which would impose upon the Debtor either a moral or legal obligation to support her daughter or her granddaughter. Therefore, this Court is satisfied that she is not the head of the household either of the family in fact comprised of herself and her daughter or herself and her grandchild, and the Objection to Claim of Exemption should be sustained for the following reasons:

 The Court recognizes that exemption laws generally are to be liberally construed, however, they should not be employed to benefit persons who do not fall within the purview of their intended reach. *Patten Package Co. v. Houser,* 102 Fla. 603, 136 So. 353 (1931). The laws of Florida, or the Statutes provides that the exemptions claimed by the Debtor are available only to those who qualify as head of household. Art. X, § 4, Fla. Const., Chapter 222.01 et seq., Fla.Stat. In order to establish head of household status there must be two or more persons living together in a family relationship with one family member either legally or morally obligated to provide support for the other members. In turn, the family members must be dependent on the head of the family. *In re Kionka's Estate,* 113 So.2d 603 (Fla.D.C.A.1959). The family unit may be either a family in law, i.e. husband and wife, parent and child, or a family in fact, but the purported head of the family in fact must be recognized as having both authority over the dependents and the obligation to support those who observe the family relationship. Neither of the described family units exist in this case.

The Debtor is neither legally nor morally obligated to support her adult daughter. She is an adult perfectly capable of discharging her duties as head of the family unit comprised of herself and her child. Her present financial dependance on the Debtor is temporary and is due solely to a deliberate choice and is not due to any permanent physical or mental disability which could prevent her from discharging her duties as the head of the household. There exists no legal or moral obligation on the part of the Debtor to support or care for her granddaughter since, as noted above, Mrs. Miller is both present and capable of providing support and responsible care for her child. Although the Debtor and her daughter have agreed to live together for their mutual, albeit temporary, convenience, this arrangement fails to rise to the level of a family relationship with the attendent obligations to support imposed upon the Debtor.

Based on the foregoing and recognizing that temporary convenience is not tantamount to a legal or moral obligation to support, this Court finds no basis upon which to allow the exemptions claimed by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemption filed by Associates Financial Services Co. of Florida, Inc. be, and the same hereby is, sustained and the Claim of Exemption be, and the same hereby is, disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemption filed by the Trustee be, and the same hereby is, denied as moot. The hearing presently scheduled for 9:00 a.m. on October 25, 1982 to consider the Trustee's Objection to Claim of Exemption be, and the same hereby is, cancelled. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee is hereby directed to administer those assets claimed as exempt by the Debtor, Mozella Gordon Mitchell.