**In re Frederick W. ABDO, Debtor.**

**Bankruptcy No. 86–00077.**

United States Bankruptcy Court, N.D. New York.

July 18, 1986.

Michael A. Wineburg, Auburn, N.Y., Trustee.

Meggesto, Paquette & Badera, Syracuse, N.Y., for debtor; Steven A. Paquette, of counsel.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Pursuant to 11 U.S.C. § 522(1) ("Code"), the Trustee has objected to a claimed exemption of the Debtor, Frederick W. Abdo ("Debtor"). The Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B) and § 1334.

Under the terms of an estate settlement, Debtor is to receive monthly mortgage installments; in his affidavit of March 6, 1986, Debtor states there are approximately nine payments remaining, with a total amount of approximately $1,600.00. Debtor contends these payments are "cash", and thus exempt under New York Debtor and Creditor Law § 283(2) (McKinney

Supp.1986). The issue is whether future installments due on a mortgage constitute cash for purposes of New York law, and thus may be claimed as exempt property.

Section 283(2) defines cash as follows:

For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.

■ When presented with a similar question, the Honorable Leon J. Marketos, Bankruptcy Judge, determined that a vested future right to payment of a monetary inheritance in existence on the date of petition for relief was cash within the purview of § 283(2). *In re Bartoszewski*, 36 B.R. 424 (Bankr.N.D.N.Y.1984). Judge Marketos noted the New York legislature's intent to restrict the monetary amount of personal exemptions available to New York debtors in comparison with the more liberal federal exemption scheme of Code § 522(d). The legislative history surrounding enactment of § 283(2) was further interpreted as reiterating the intent that New York debtors receive a fair and reasonable "fresh start". *See*, Executive Memorandum Chap. 540, 205th Leg., 1982 New York Sess. Law Serv. A–367. Judge Marketos balanced a strict interpretation and construction of § 283(2) (which admittedly would have resulted in denial of the exemption), with the interests of justice in allowing debtor a "fresh start"; thus, by application of the equitable powers of the Court, the vested inheritance right was determined to be cash.

At least two other New York bankruptcy courts have concerned themselves with defining cash for purposes of § 283(2). The court in *In re Bartley*, 33 B.R. 768 (Bankr. E.D.N.Y.1983) held that debtor's shares of corporate stock were not cash, and, therefore, not exempt property under § 283(2). The case of *In re Doyle*, 42 B.R. 615 (Bankr.W.D.N.Y.1984), relying upon the rationale of *Bartley, supra*, held a debtor's

interest in a bond fund not to constitute cash within the definition of § 283(2).

Whatever equitable concerns were presented in *Bartoszewski, supra* compelling the court to pass over the clear language of the statute, are not now under consideration. The Court believes the *Bartoszewski* decision, resulting as it does from the express application of the Court's equity powers, is to be strictly limited to the facts and circumstances presented, for accepted principles of statutory construction and interpretation do not lead to the conclusion reached therein.

■ The Court believes the reasoning of the *Bartley* court to be sound:

When faced with a question of statutory construction, a court must first look to the language of the statute. *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). A statutory determination declaring what a term "means" excludes any other meaning. *Colautti v. Franklin*, 439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979); *C-Line, Inc. v. United States*, 376 F.Supp. 1043 (D.R.I.1974); *Mortland v. United States*, 192 F.Supp. 358 (N.D.Iowa 1961). The fact that a statute is to be liberally construed does not authorize redrafting the unambiguous language of a statute; *see e.g., Chapiewsky v. G. Heileman Brewing Co.*, 297 F.Supp. 33 (W.D.Wis.1968).

Section 283(2) of the Debtor and Creditor Law specifically defines cash and fails to include corporate stock within such definition. Under the doctrine of inclusio unius est exclusio alterius, debtor's position is untenable.

Under the statutory framework of Article 10–A generally, specific types of property are enumerated as having exempt status. Nothing in the language of the article permits the conclusion that a debtor may exempt other non-enumerated property in substitution for property protected under the statute.

*In re Bartley, supra*, at 771; *In re Doyle, supra*, at 616.

In the present case, application of the above reasoning and rules of statutory construction lead to the conclusion that the Debtor's interest in mortgage payments to be received are not cash as defined in New York Debtor and Creditor Law § 283(2) and, therefore, cannot be claimed as exempt property.

As a consequence of the foregoing, it is ORDERED:

1. The Trustee's motion objecting to Debtor's claimed exemption is granted.