76 B.R. 917 (1987)
In re Cornelius De VRIES, Jr., a/k/a Neil or Neal DeVries, Judith A. De Vries, Debtors.
Bankruptcy No. 87-00160.
United States Bankruptcy Court, N.D. New York.
June 29, 1987.
Randy J. Schaal, Sherrill, N.Y., Trustee.
Brett W. Martin, Utica, N.Y., for debtors.

MEMORANDUM-DECISION AND ORDER
STEPHEN D. GERLING, Bankruptcy Judge.
Debtors filed their voluntary petition for joint relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Code") on February 6, 1987. On Schedule B-2 ("Personal Property") filed with their petition, Debtors identified a contingent, unliquidated claim of $618.00 for damages sustained to a Dodge Aspen automobile owned by them. The automobile was separately listed as having a value of $450.00. Debtors referenced both the automobile and the property damage claim as exempt property on Schedule B-4 ("Property Claimed as Exempt"). Debtors' claimed authority for the latter exemption was New York Debtor & Creditor Law § 283, subd. 2 (McKinney Supp.1987) ("D & C Law"); in the alternative, the Debtors relied upon New York Civil Practice Law & Rules § 5205(b) (McKinney 1978 & Supp.1987) ("CPLR"). At the return date, Debtors' counsel stated that the pre-petition accident giving rise to the property damage claim took place on December 28, 1986, and that the claim was approved by the responsible party's insurer on January 7, 1987. The actual amount received by Debtors from the third party insurer was $606.32, and they apparently spent the money on matters unrelated to the repair of the automobile.
The Trustee objects to the exemption of the property damage claim, contending that CPLR § 5205(b) does not apply to the automobile bankruptcy exemption of D & C Law § 282, subd. 1. Additionally, the Trustee argues Debtors had only a contingent right to receive the damage proceeds at the time of filing, and consequently cannot claim a "cash" exemption based upon D & C Law § 283, subd. 2.

DISCUSSION
Code § 522(b), and those state exemption statutes adopted pursuant thereto, are to be liberally construed in order to effectuate the debtor's "fresh start". Eagan v. Household Finance Corp. (In re Eagan), *918 16 B.R. 439, 441 (Bankr.N.D.N.Y.1982) (Marketos, B.J.); See also, e.g., Matter of Barker, 768 F.2d 191, 196 (7th Cir.1985); In re Rule, 38 B.R. 37, 41 (Bankr.D.Vt. 1983). Of course, liberal interpretation may not entail judicial re-drafting of an exemption scheme to include property outside of that contemplated by the legislature. In re Abdo, 65 B.R. 56, 57 (Bankr.N. D.N.Y.1986); Matter of Mitchell, 26 B.R. 36, 38 (Bankr.M.D.Fla.1982).
As the New York legislature saw fit to "opt-out" from the federally ordained exemption system, the Court appropriately relies upon New York State court pronouncements for guidance in defining the parameters of exempt property. Generally, the State courts have supported the observations of a prominent bankruptcy commentator "that if the property would have been exempt under state law, then the proceeds of insurance on such property is likewise exempt, even in the absence of a special insurance exemption." King, 3 COLLIER ON BANKRUPTCY, ¶ 522.24, p. 522-74 (15th ed. 1987). Hence, in Bayer v. Sack, 66 Misc. 536, 537, 121 N.Y.S. 1122 (N.Y.City Ct.1910), the court held that insurance proceeds received from a debtor's insurer due to the destruction of exempt personal property were also exempt from the claims of creditors. Similarly, a series of cases have recognized an exemption for personal property purchased, or bank accounts funded, with the proceeds of exempt pensions, life insurance policies, or worker's compensation awards. See e.g. Crossman Co. v. Rauch, 263 N.Y. 264, 271, 188 N.E. 748 (1934) (life insurance proceeds); Surace v. Danna, 248 N.Y. 18, 24, 161 N.E. 315 (1928) (worker's compensation award); Yates County Nat. Bank v. Carpenter, 119 N.Y. 550, 555 (1890) (house exempt when purchased with military pension).[1]
However, the Court also recognizes the well-settled rule that bankruptcy exemptions in a liquidation proceeding are determined as of the date of the entry of the order for relief. White v. Stump, 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924); See also Hollytex Carpet Mills v. Tedford, 691 F.2d 392, 393 (8th Cir.1982) (per curiam); Mansell v. Carroll, 379 F.2d 682, 684 (10th Cir.1967); In re Dvoroznak, 38 B.R. 178, 181-82 (Bankr.E.D.N.Y.1984). Consequently, a bankruptcy court had little trouble holding that fire insurance proceeds received as a result of a post-petition conflagration were exempt when the insured property was exempt at the time of filing. Lewis v. Thompson, 28 B.R. 351, 354 (Bankr.M.D.Pa.1983). With the foregoing in mind, the question to be considered is whether the Debtors are entitled to claim as exempt property post-petition insurance proceeds received from a third party as a result of a pre-petition property damage claim.
At the time of filing, the Debtors held no more than a liquidated, contingent claim against a third party for damages inflicted upon their exempt automobile. This case is consequently distinguishable from Lewis, supra, in that that court specifically referenced the time of filing demarcation when determining the exemptability of property of the estate. Because the debtor's real estate interest was determined exempt at the time of filing, the bankruptcy court had little problem applying the cloak of exemptability to the insurance proceeds as well. Unfortunately, while CPLR § 5205(b) includes causes of action for damages sustained to a debtor's interest in any of the otherwise identified items of personal property, D & C Law § 282 does not make a similar provision for claims arising from the damage to or taking of an automobile. Consequently, the Court is constrained to hold the Debtors' pre-petition automobile property damage claim not exempt under D & C Law § 282 or CPLR § 5205(b). cf. Ford Motor Credit Co. v. Territo (In re Territo), 36 B.R. 667 (Bankr.E.D.N.Y.1984) (portion of automobile *919 property damage proceeds received pre-petition as part of state court settlement held not to constitute exempt property).
Debtors alternatively rely upon the Court's decision in Tompkins County Trust Co. v. Sullivan (In re Sullivan), 31 B.R. 125 (Bankr.N.D.N.Y.1983) for the proposition that the property damage claim was "cash", and thus exempt to the extent allowed by D & C Law § 283, subd. 2.[2]
In Sullivan, a creditor of the eventual bankruptcy debtor commenced a special proceeding pursuant to Article 52 of the CPLR for a judgment against an insurance company which was holding the proceeds of a judgment which the debtor had recovered against the insurance company. Prior to resolution of the creditor's action, the debtor filed his Chapter 7 bankruptcy petition, and claimed the insurance company proceeds as exempt property under D & C Law § 283, subd. 2. The Court held that by virtue of Code § 522(h), the debtor could liquidate the insurance proceeds for the benefit of the estate, and that "[o]nce liquidated, the proceeds are clearly `cash' and the Debtor may claim exempt as much as is allowed by the statute". Id. 31 B.R. at 127.
Contrasting Sullivan, and decidedly more applicable for present purposes, is a recent pronouncement of the Court also involving a determination of what constitutes a "cash" exemption under New York law. In re Abdo, supra. In Abdo, the debtor claimed a "cash" exemption in future mortgage installments due him under the terms of an estate settlement. The debtor relied upon In re Bartoszewski, 36 B.R. 424 (Bankr.N.D.N.Y.1984), a decision holding that a debtor's vested, pre-petition right to receive payment of a monetary inheritance in existence on the date of filing could be exempted as "cash". In reviewing the earlier decision, the Court noted it resulted from an express application of the Court's equitable powers, and that accepted legal principles of statutory construction would not lead to a similar result in other circumstances. Consequently in Abdo, the court specifically limited the holding of Bartoszewski to the facts and circumstances presented therein.
In the present case, Debtors held a contingent property damage claim against a third party at the time of filing. As the time of filing is the benchmark for purposes of determining the exempt nature of property of the estate, then a right to receive the payments cannot constitute "cash" within the definition of D & C Law § 283, subd. 2. The only "right to receive" recognized by the New York State Legislature as a cash exemption involves a debtor's receipt of federal, state, and local income tax returns. Had the Legislature intended the broader scope urged by the Debtors, the statute could have easily been drafted to say so. Absent such intention, and in light of the clear statutory language, the Court believes the admittedly restrictive holding of Abdo more appropriate for consideration of "cash" examptability than that previously expressed in Sullivan.
Consequently, it is
ORDERED:
1. The Trustee's motion objecting to Debtors' claimed exemption is granted.
NOTES
[1] "In the case of an exemption of specific articles from levy and sale upon execution, it seems to be well settled that it extends not only to the protection of such articles while in use or possession, but also to any claim arising out of their conversion by a wrong doer, or their destruction by fire, or otherwise, when insured. . . . The rule seems to be just and reasonable, and within the spirit of the exemption." Id. (citations omitted).
[2] For purposes of the D & C Law § 283, subd. 2 bankruptcy exemption, cash is defined as "currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution."