**In re Charles L. HILL, Debtor.**

**Bankruptcy No. 88–00201.**

United States Bankruptcy Court,
N.D. New York.

Dec. 12, 1988.

Randy J. Schaal, Sherrill, N.Y., trustee.

Leon R. Koziol, Utica, N.Y., for Debtor.

Willard R. Pratt, III, Vernon, N.Y., for Utica Teachers Federal Credit Union.

Aniela J. Carl, Asst. Atty. Gen., Utica, N.Y., Attorney for New York State Teachers' Retirement System.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This matter comes before the Court on the objections of the Trustee and the Utica Teachers Federal Credit Union ("UTFCU" or the "Union") to the claimed exemptions of Charles L. Hill ("Debtor"), pursuant to § 522 of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp.1988) ("Code"), §§ 282 and 283 of the New York Debtor and Creditor Law (McKinney Supp. 1988) ("NYD & CL") and §§ 5205 and 5206 of the New York Civil Practice Law and Rules (McKinney 1978 & Supp.1988) ("NYCPLR"). The Attorney General of the State of New York appeared on behalf of the New York State Teachers' Retirement System ("NYSTRS") by way of a reply affirmation, and objected to a number of the claimed exemptions based upon Code § 541.

At the close of the hearing on August 1, 1988 in Utica, New York, the Court gave the four parties an opportunity to file memoranda of law, after which the matter was submitted for decision.

### JURISDICTIONAL STATEMENT

The Court has jurisdiction of the subject matter and parties by virtue of 28 U.S.C.A. §§ 157(a) and 1334(b) (West Supp.1988). This core proceeding, 28 U.S.C.A. § 157(b)(1), (b)(2)(B) and (O), is a contested matter governed by Rules 4003, 7052 and 9014 of the Bankruptcy Rules ("Bankr. R.").

### FACTS

On February 10, 1988, the Debtor, an approximately fifty-six year old resident of Utica, New York, filed a voluntary petition for relief under Chapter 7 of the Code. At that time, he indicated employment by the Utica City School District as a "correct reading teacher", on a "10–month basis" earning a monthly net salary of $1,916.68 with monthly expenses of $1,637.00.

Schedule B–1 listed forty-one acres of real property in Newport, New York at a value described as "N/A" in which a foreclosure had occurred in October 1987 and "transferred title back to Venture Tech 10/87." Schedules B–2 and B–4 reported a market value of "0" for assets and exempt property. Schedule B–2 bore the following description: "All personal property, wherever situate and whatsoever in kind with exception of miscellaneous clothing destroyed in house fire (leased apartment) occurring January 29, 1988 at 202A Graham Road, W. Schuyler N.Y. Red Cross donated $137.00 to Debtor on said January 29, 1988 to obtain clothing and food as a result of said house fire." Schedule B–4 noted "House Fire destroyed everything No benefits received or accrued see B–3 [sic] explanation of fire". Schedules A–2 and A–3 listed four creditors, including UTFCU and the co-signer on a personal loan, holding what appear to be unsecured claims totalling some $43,741.32. The petition's Summary of Debts and Property was blank.

In an Order dated April 1, 1988, the Debtor was directed to promptly prepare his 1987 federal and state income tax returns, forward copies to the Trustee and surrender all tax refunds.

On May 27, 1988, UTFCU commenced an adversary proceeding objecting to the granting of the Debtor's discharge pursuant to Code § 727(a) and (c). In apparent response, NYSTRS filed a reply affirmation on June 9, 1988 contending that the annuity portion of the Debtor's retirement was not part of the Chapter 7 property of the estate due to the absence of a filed and effective retirement plan when the case was commenced and its anti-assignment and anti-alienation spendthrift nature, as governed by § 524 of the New York Education Law (McKinney 1988), and hence Code § 541(c)(2). Alternatively, NYSTRS maintains that the Debtor's annuity sav-

ings are entitled to an exemption under Code § 522.

In an Order dated June 1, 1988, the Court granted UTFCU's motion for a "restraining notice" with regard to all monies constituting or derived from property of the estate, including federal and state income tax refunds, retirement or early retirement incentive pay or bonus, annuity savings account or from the property loss settlement. Said Order, *inter alia,* directed that any funds forthcoming be deposited with the Trustee and that the Debtor be prevented from disposing of them, pending a hearing on June 9, 1988. Itemizing a minimum value of $16,314.72 in property from five different sources with attached exhibits, this Order also directed the Debtor to amend his petition, specifically Schedule B-.[1]

On June 24, 1988, the Debtor filed amended Schedules B-2 and B-4 and an amended Summary of Debts and Property. Schedule B-2, Personal Property, listed the following assets: 1) "1987 Federal Income Tax Return" of "$2,102.00"; 2) "1987 New York State Income Tax Return" of "$175.00"; 3) "Accrued Federal and State Income Tax Refunds for 1988 to 2/1/88" valued at "$ n/Avail."; 4) "Early Retirement Incentive Pay or Bonus" of "$8,000.00"; and 5) "Personal Property Loss Claim for House Fire (contingent)" valued at "$ n/Avail.".

On his amended Schedule B-4, the Debtor claimed property exemptions bearing a minimum aggregate value of $3,314.72 pursuant to NYD & CL §§ 282 and 283(2) and Article 52 of the NYCLPR. These exemptions were: 1) "Income tax returns" and "individual filings" described as "Federal IRS, NYS Tax Dept 1987 year" in the amount of "$2,277.00"; 2) "retirement benefits and incentive pay or bonuses accrued" from "New York State Teachers Retirement System; 10 Corporate Woods Drive Albany, NY 12211-2395" at a value "to be determined"; 3) "ANNUITY Savings Ac-

count" from "NYS Teachers Retirement System" of "$1,037.72"; and 4) "Personal Property Loss Claim" from "Gordon Boyd & Co., Inc. Contingent upon completion" at a value "to be determined."

In his amended summary of debts and property, the Debtor listed a Schedule A debt total of $38,794.32, with UFTCU as the sole creditor holding an unsecured claim. He indicated a Schedule B assets total of $10,277.00, comprised of the "Fire Insurance claim ... N/A", "Income tax returns ... $2,277.00" and the "Early Retirement Incentive ... $8,000.00."

In an Order dated June 30, 1988, counsel for the Debtor and UTFCU stipulated to the Debtor applying his federal income tax return of approximately $2,100.00 to his teachers retirement system. The stipulation further provided that "the debtor shall become obligated to the Utica Teachers Credit Union in the amount of $1,037.72, said amount constituting the value of an annuity savings account at issue in this action in the event said issue shall come on to be heard and decided favorably to the plaintiff Utica Teachers Credit Union."

Subsequently, the Trustee advised the Court that he had agreed that the Debtor could exercise his allowable cash exemption of $2,500.00 towards income tax refunds totaling $2,200.00 [sic] but that two items —a "certain annuity early retirement fund and a claim regarding damage sustained in a fire to debtor's property"—and any proceeds thereof belonged to the bankruptcy estate. Letter from Randy J. Schaal, Esq. Bankruptcy Trustee to Hon. Stephen D. Gerling (July 13, 1988).

The Trustee filed the instant motion on July 8, 1988 and the UTFCU on July 25, 1988.

## ARGUMENTS

The Trustee objects to the exemption of the retirement benefits and incentive pay or bonuses accrued and the personal property loss claim under Code § 522(*l*) and

---

1. Exhibit B indicated that the Utica City School District's Board of Education had accepted the Debtor's retirement as Teacher of Reading, effective June 30, 1988. Letter from Taras J. Herbowy, Acting Administrator for Personnel for Utica City School District to Charles L. Hill (Dec. 16, 1987).

Bankruptcy Rule 403(c) [sic]. He argues that the Code does not allow an exemption in the $8,000.00 because it is an early retirement incentive that the Debtor can currently take. With respect to the personal property loss claim, the Trustee contends that 1) it is a monetary settlement that would exceed the statutory cash exemption and 2) its status as a contingent claim precludes its consideration as cash.

At the hearing, the Trustee joined UTFCU's objection to the annuity savings account exemption when the Debtor's attorney advised the Court that the Debtor had already withdrawn all the funds in the account.

UTFCU objects to the fact that certain personal property was not scheduled as Personal Property on Schedule B–2 of the amended petition—to wit, the New York State Teachers' Retirement Fund of an indeterminate value and the NYSTRS Annuity Savings Account valued at $1,037.72— and that the source of the so-called retirement funds was not listed correctly. UTFCU also maintains that the Debtor is only entitled to an additional $223.00 in exemptions since he already claimed his federal and state income tax refunds, totalling $2,277.00, under the $2,500.00 cash exemption.

Additionally, UTFCU objects to the exemption of the pay or bonuses accrued of an indeterminate value, the annuity savings account of $1,037.72 and the unliquidated personal property loss claim. With regard to the early retirement incentive, for which the Utica City School District, and not NYTRS, is the source, UTFCU maintains that it is non-exempt property of the estate since his entitlement arose prepetition despite the post-petition scheduling of the distribution on July 1, 1988. UTFCU further claims that it is not the kind of plan set forth in NYD & CL § 282(iii)(2)(e) nor does it fall within the meaning of cash under NYD & CL § 283(2). UTFCU argues that the annuity savings account constitutes property of the estate because it was based on the Debtor's voluntary contributions and his eligibility to determine the disposition of the funds became effective

when his irrevocable early retirement was accepted in December 1987. Thus, it contends that the Debtor had the monies under his control and in exercising his option to withdraw the $1,037.72 they did not become part of the retirement allowance as provided in Article 11 of the New York Education Law. Moreover, the Union asserts that the Debtor informed NYSTRS of his retirement between December 1987 and April 1988.

The Union additionally posits that the insurance proceeds from the personal property loss claim are part of the estate and are not cash as narrowly defined under NYD & CL § 283(2). Furthermore, it cites the inapplicability of NYCPLR § 5205 because the Debtor did not have actual possession of the property at the time of the filing, the fire having occurred on or about January 29, 1988.

Finally, UTFCU states that a hearing must be held to ascertain the Debtor's dependence on his NYSTRS pension payments since he is only entitled to that portion reasonably necessary for his support, pursuant to NYD & CL § 282(iii)(2)(e), with the balance going to the creditors "until such time all debts are paid."

The Debtor's argument focuses on the Code's concern over the "fresh start" policies accorded a debtor. He contends that he is entitled to claim amounts totalling the cash and homestead allowances under the Code in order to secure a fresh start, especially in light of the house fire destroying all of his otherwise available exemptions and the contingency of his corresponding claim. The Debtor calls on the Court's equitable power to fashion this relief and relies upon a reading of 11 U.S.C.A. § 522(d), Congressional intent and the equities and policies underlying the entire Code.

In support thereof, Debtor's counsel attached to his memorandum of law an "update" of income and expenses, dated September 13, 1988, to demonstrate the Debtor's poverty condition absent the receipt of his pension benefits pursuant to the restraining Order. This document lists weekly expenses of $327.35, no income, "pending pension", and assets of $339.00, item-

ized as cash and clothing, and debts of $650.00, itemized as hotel room and "pet care." The Debtor sets forth a net worth of –$321.00, requests attorney's fees of $735.00 and indicates his lack of funds for transportation, for a security deposit on a house or for food or rent.

He also included correspondence from his attorney to UTFCU's counsel consenting to the release of the retirement benefit checks as not being part of the restraining Order. *See* Letter from Leon R. Koziol, Esq. to Willard R. Pratt, III, Esq., P.C. (Sept. 1, 1988) (bearing Pratt's September 7, 1988 signature at the bottom.)

NYSTRS submitted to the Court that the annuity savings account and the NYSTRS pension were not property of the estate pursuant to Code § 541(a)(1) because the Debtor was not entitled to his first retirement check until August 31, 1988, more than six months subsequent to his filing. NYSTRS also takes issue with UTFCU's request that the Debtor's creditors receive a portion of the pension payments until all debts are paid because it would convert the Chapter 7 into a quasi-Chapter 13 proceeding.

### DISCUSSION

█ It is axiomatic that exemptions can only be claimed in property of the estate as governed by Code §§ 522 and 541. *See Payne v. Wood*, 775 F.2d 202, 204 (7th Cir.1985); *In re Elliott*, 31 B.R. 33, 35 (Bankr.S.D.Ohio 1983). *See, e.g., Doan v. Hudgins (In re Doan)*, 672 F.2d 831 (11th Cir.1982). In a Chapter 7 proceeding, bankruptcy exemptions are assessed on the date of the filing. *See In re DeVries*, 76 B.R. 917, 918 (Bankr.N.D.N.Y.1987) (citations omitted). Bankr.R. 4003 instructs that "[a] debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007." *See also* 8 L. King, COLLIER ON BANKRUPTCY ¶ 4003.03[1] (15th ed.1988).

Moreover,

[f]or a claim of exemption to be successfully accomplished, such claim must be clearly asserted and the property claimed as exempt must be clearly described. It is not sufficient that an asserted claim put a trustee on notice that a claim may be assertible in property which may arguably be fungible with property actually claimed as exempt. The function of Schedule B–4 is to permit a trustee to ascertain, *without any further substantial inquiry*, those properties which a debtor believes to be exempt from distribution to creditors. If a debtor claims cash 'in the debtor's possession' as exempt, the record speaks for itself; and the trustee should not be expected to guess that a claim of an exemption in cash 'in the debtor's possession' was actually intended to be an exemption in cash to be obtained upon surrender of life insurance policies in the trustee's possession.

*In re Elliott, supra,* 31 B.R. at 35 (emphasis added).

The requirement of specificity in the pertinent schedules is supported by Code § 522(*l* ), which in authorizing that the claimed property is exempt unless a party in interest objects, furthers the Code's liberal construction of exemptions in favor of debtors. *See In re Pettit*, 61 B.R. 341 (Bankr.W.D.Wash.1986) (citing *In re McQueen*, 21 B.R. 736 (Bankr.Vt.1982)). Since the purpose of the bankruptcy laws are to protect debtors by providing a "breathing space" and to ensure the equitable distribution of assets, creditors have the right to know what assets will be available upon liquidation for the full or partial satisfaction of their claims.

█ Thus, while the Code's exemption provisions are to be construed liberally to effectuate the debtor's "fresh start", *see In re DeVries, supra,* 76 B.R. at 918, courts cannot fashion relief in derogation of the statute. Such judicial legislating could amount to a windfall and "head start" for the debtor at the expense of the creditors and upset the delicate balance contemplated by the drafters of the Code. Indeed, the Court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest*

*Bank Worthington v. Ahlers,* 197 U.S. 485, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988).

Pursuant to Code § 522(b)(1), New York State has "opted out" of the federal property exemption provisions enacted by Congress in Code § 522(d). Effective September 1, 1982, an individual who is a New York State resident and who has filed a Title 11 petition can only look towards NYD & CL §§ 282 and 283 for his or her personal bankruptcy exemptions. *See* NYD & CL § 284.

NYD & CL § 283(2) provides for a contingent alternative bankruptcy exemption in the form of $2,500.00 in cash for a debtor who has not exercised his or her homestead exemptions under NYCPLR § 5206 or who has not claimed the maximum $5,000.00 exemption in the aggregate for personal property (under NYCPLR § 5205) and entitlements under certain annuity contracts pursuant to NYD & CL § 283(1).

■ After scrutinizing the record and noting the lack of correlation between amended Schedules B–2 and B–4 with regard to the source and substance of the "annuity savings account", the "Early Retirement Incentive Pay or Bonus" and the "Retirement benefits", the Court is compelled to *sua sponte* bar all the exemptions claimed in the Debtor's amended Schedule B–4 but for the cash exemption in what is presumably the 1987 federal and state income tax returns in the aggregate amount of $2,277.00. There is simply not sufficient information in the petition or the record for the Court to determine the applicability of the New York State exemptions for annuity contract entitlements, the right to receive benefits to the extent reasonably necessary for his support or for personal property lost in the pre-petition fire of his apartment pursuant to NYD & CL §§ 283(1), 282(iii)(2)(e) or NYCPLR § 5205, respectively.

■ It is also clear that any insurance proceeds received post-petition from the personal property loss claim which arose pre-petition belong to the estate, and are not exemptible. *See In re DeVries, supra,* 76 B.R. at 917. These monies are not cash within the meaning of NYD & CL § 283(2) so as to satisfy the balance of the Debtor's cash exemption, for at the time of filing, the Debtor only held a contingent claim. *See id.; In re Abdo,* 65 B.R. 56, 57 (Bankr. N.D.N.Y.1986) (quoting *Lipshie v. Bartley (In re Bartley),* 33 B.R. 768, 771 (Bankr.E. D.N.Y.1983)).

■ Nor could any proceeds be considered under the homestead exemption which applies only to real property "owned and occupied as a principal residence." NYCPLR § 5206 commentary C5206:1 (McKinney 1978) (David D. Siegel). The Debtor's schedules do not reveal any such interest in real property—an apartment lessee is not a homeowner and even assuming he possessed some recognizable interest in the forty-one acres in Newport, New York, it is clear that he did not reside on that land.

Thus, the Debtor's confusing assertion of the above mentioned retirement/incentive/annuity items and his similar vagueness as to the personal property loss claim is fatal to his ability to claim them as exemptions. This is so notwithstanding the potential burden of proof problem faced by the Trustee or the possible untimeliness of the objection lodged by UTFCU under Bankr.R. 4003(b) and (c), respectively. Therefore, neither objection can be reached absent the Debtor's proper exercise of his exemptions.

With regard to the position of the NYSTRS, the Court finds the record similarly devoid of the information necessary to determine what it is contending should be excluded from property of the estate and why, and the potential applicability of Code § 541(a)(5). The Court notes that none of the parties have submitted a copy of the plan at issue.

Moreover, the Court also observes that the Debtor has not provided the necessary information in response to the objections and papers filed. Until the Debtor amends his Schedules B–2 and B–4 to consistently and specifically reflect the property of the estate that he is exempting, pursuant to Code § 522(*l*), NYD & CL §§ 282 and 283

and NYCPLR §§ 5205 and 5206, and Bankr.R. 1007, 1009 and 4003, he has established no legal right to any exemptions but the $2,500.00 cash exemption under NYD & CL § 283(2). *See, e.g., In re Drake,* 39 B.R. 75 (Bankr.E.D.N.Y.1984). The invocation of this Court's equity powers by the Debtor is unavailing beside the plain language of these statutes, as guided by Code § 522.

The import of the exclusion of the pension benefits from the scope of the restraining Order, as agreed to by the Debtor and UTFCU on September 1 and 7, 1988, does not alter the "reasonably necessary" scrutiny required by NYD & CL § 282(iii)(2)(e) in order for all or some of those benefits to be exempted, with any balance to be applied towards the claims of creditors. The Court finds that this inquiry has not been satisfied by the Debtor's submittal of a revised schedule of income and expenses. At best, this schedule appears to be self-serving with some questionable expenses, such as large sums spent on pet care, and discloses a standard of living, for instance in indicating the lack of monies for a security deposit on a house, that has not yet made the downward adjustment from employment to the more limited and fixed income of a pension. Thus, an evidentiary hearing is required wherein all parties in interest can be given the opportunity to examine the Debtor.

As Bankruptcy Judge Keith M. Lundin has noted

"[T]he burden is upon the debtor to claim property as exempt. Persons filing bankruptcy must make an affirmative effort to bring themselves within the exemptions provided by the Code. Exempting property is not a game of "hide and seek" wherein the debtor quietly retains all property that the trustee does not find and then moves to amend the exemption schedules when the trustee becomes aware of the property."

*In re Edmonds,* 27 B.R. 468, 469 (Bankr.M. D.Tenn.1983). *Accord In re Davis,* 38 B.R. 585, 588 n. 5 (Bankr.M.D.Tenn.1983) (where prejudice inures to trustee or unsecured creditors from haphazard or intentionally deceptive use of exemptions, court will entertain motion for assessment of costs and expenses.)

Accordingly, it is hereby

ORDERED:

1. That the Trustee's and UFTCU's motions objecting to the claimed exemptions are dismissed without prejudice.

2. That all of the Debtor's claimed exemptions on amended schedule B–4, with the exception of the 1987 federal and state income tax refunds totalling $2,277.00, are struck without prejudice.

3. That the objections to inclusion as property of the estate of the funds emanating from the NYSTRS are denied without prejudice.