**In re Jack Edward MAIDMAN, Debtor.**

**Bankruptcy No. 90 B 13271 (FGC).**

United States Bankruptcy Court,
S.D. New York.

June 25, 1992.

L.G. Kailas, Esq., of Milgrim, Thomajan & Lee, P.C., New York City, for Jack Edward Maidman (debtor).

C.H. Black, of Robinson, Brog, Leinwand, Reich, Genovese & Gluck, P.C., New York City, for Patricia A. Grant, et al. (creditors).

## MEMORANDUM OF DECISION ON EXEMPTIONS SET FORTH IN DEBTOR'S AMENDED BANKRUPTCY PETITION

FRANCIS G. CONRAD, Bankruptcy Judge.[*]

We are presented [1] here with two issues: 1) whether a debtor may exempt earnings from the estate under § 282 of the New York Debtor and Creditor Law ("NYD & CL") and § 5205(d)(2) of New York's Civil Practice Law and Rules ("CPLR"), and 2) whether NYD & CL § 283 limits such an exemption to $2,500. We hold that a debtor may exempt earnings under NYD & CL § 282 and CPLR § 5205(d)(2) and that § 283 does not limit such exemption to $2,500.

On October 15, 1991, Debtor moved to amend his Chapter 7 petition to include an exemption for earnings under NYD & CL § 282 and CPLR § 5205(d)(2). The exemption claimed is $50,080, representing 90% of Debtor's gross earnings for personal services rendered within 60 days prior to the petition filing date. Creditors objected to Debtor's exemption claim urging a) that CPLR § 5205(d)(2) does not permit such an exemption, b) that NYD & CL § 283, in any case, would limit such an exemption to a maximum of $2,500, and c) that if any exemption is allowed, a hearing must be held to determine what portion of the ex-

emption claimed is necessary to cover Debtor and his dependents' reasonable expenses. Debtor disagrees entirely, except as to Creditors' request for a hearing on the necessity and reasonableness of the exemption. Based on our ruling, a hearing will be scheduled to determine what portion of the exemption is necessary to cover Debtor's reasonable expenses.

## DISCUSSION

█ Section 522 of Title 11 of the United States Code (the "Bankruptcy Code") permits a debtor to exempt certain property from becoming property of the debtor's estate under § 541. Section 522(b) permits an individual debtor in a bankruptcy case to elect either the federal exemptions provided in § 522(d) or, if the applicable state law so provides, the exemptions entitled to under the laws of the state of his domicile. On May 17, 1982, New York chose to "opt out" of the Bankruptcy Code's exemptions. NYD & CL, Article 10–A (§§ 282–284) (McKinney's 1992); *In re Kleist*, 114 B.R. 366, 367 (Bkrtcy.N.D.N.Y.1990). Consequently, Debtor, who is domiciled in New York, is restricted to the exemptions provided by New York State law.

█ Section 282 of the NYD & CL in pertinent part provides:

"Under [Bankruptcy Code § 522] an individual debtor domiciled in this state may exempt from the property of the estate ... (i) personal and real property exempt from application to the satisfaction of money judgements under [CPLR §§ 5205 and 5206], ..."

CPLR § 5205(d) titled "Income exemptions" provides in applicable part:

"The following personal property is exempt from application to the satisfaction of a money judgement, except such part as a court determines to be unnecessary

---

[*] Sitting by Special Designation.

1. We have subject matter jurisdiction over this matter under 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is

a core matter under 28 U.S.C. § 157(b)(2)(B). This Memorandum of Decision constitutes findings of fact and conclusions of law under Federal Rule of Civil Procedure Rule 52, as made applicable by Federal Rules of Bankruptcy Procedure Rules 7052 and 9014.

for the reasonable requirements of the judgement debtor and his dependents:

. . . . .

2. Ninety percent of the earnings of the judgement debtor for his personal services rendered within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgement debtor's earnings to the satisfaction of the judgement...."

Section 5205(d)(2) is well known for the 90% earnings exemption rule, and as a counterpart of the 10% income execution rule of CPLR § 5231. In their objection, Creditors contend, however, that this exemption only applies to the amount exempt for the purposes of satisfying a Sheriff's Income Execution and that it has no bearing on whether or not property is exempt from a debtor's estate. In other words, Creditors apparently believe that § 5205(d)(2) applies only to a judgement debtor and not a debtor in bankruptcy.

Unlike §§ 5205(d)(1) and 5205(d)(3), § 5205(d)(2), to our knowledge, has not been specifically used to exempt earnings from a debtor's estate. Yet, in *In re Edelman*, 172 F.Supp. 200 (EDNY 1959), a similar issue was before the district court and was argued under the former Civil Practice Act §§ 684, 792 & 793, the very sections from which § 5205(d)(2) is derived. In *Edelman*, the district court held that 90% of a debtor's salary earned within 60 days prior to the bankruptcy filing, or any time thereafter, was not subject to seizure by the creditors, except such part as the court should determine to be unnecessary for the reasonable requirements of the debtor and his dependents. The district court did not distinguish between a judgement debtor and a bankruptcy debtor.

We find no reason to disagree with this conclusion, nor do Creditors put forth any convincing reasons for us to do so. In fact, we hold that to rule contrary to the *Edelman* court would be to contradict the very spirit of § 5205(d)(2). The purpose of this statute is to provide for judgement and bankruptcy debtors alike the reasonable assurance that they will be able to support themselves and their families adequately during financial distress. It would certainly be contrary to the policy of the State to deprive a person, for the benefit of a creditor, of income at least sufficient to meet the reasonable requirements of that person's own needs and those of his or her dependents. No such purpose can be imputed to the Legislature. *See McDonnell v. McDonnell*, 281 N.Y. 480 at 482, 24 N.E.2d 134 at 135.

■ Creditors also argue that Debtor, in any case, may only exempt a maximum of $2,500 under NYD & CL § 283. It is presumed that Creditors raise this objection under § 283(2), though they fail to indicate this in their objection. In any case, Creditors' objection must fail under either § 283(2) or § 283(1). Section 283(1) only limits exemptions claimed under CPLR § 5205(a). Debtor herein seeks an exemption under § 5205(d). Section 283(1) provides in relevant part:

"The aggregate amount the debtor may exempt from the property of the estate for personal property exempt from application to the satisfaction of a money judgement under **subdivision (a) of section fifty-two hundred five** of the civil practice law and rules and for benefits, rights, privileges, and options of annuity contracts described in the following sentence shall not exceed five thousand dollars." (emphasis ours)

■ Section 283(2) is equally inapplicable. It provides in pertinent part:

"... a debtor, who (a) does not elect, claim, or otherwise avail himself of an exemption described in section fifty-two hundred six of the civil practice law and rules; (b) utilizes to the fullest extent permitted by law as applied to said debtor's property, **the exemptions referred to in subdivision one of this section** which are subject to the five thousand dollar aggregate limit; and (c) does not reach such aggregate limit, may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions referred to in subdivision one of this section or in the amount of two

thousand five hundred dollars, whichever amount is less...." (emphasis ours)

How Creditors can argue that § 283(2) applies to Debtor's exemption claim is beyond us. Section 283(2) clearly applies to only those debtors claiming exemptions who fall under § 283(1). Because Debtor does not fall within § 283(1), as previously shown, it cannot be subject to § 283(2). Not even the most painstaking statutory interpretation would enable us to conclude as Creditors would have us.

Based on the foregoing, we find that Debtor may properly exempt earnings from the estate under NYD & CL § 282 and CPLR § 5205(d)(2), and that NYD & CL § 283 does not limit such exemption.

Counsel for Debtor is to settle an order consistent with this Memorandum of Decision.