**In re Adrian Edward PLESS, Jr., Debtor.**

**Bankruptcy No. 96–61287.**

United States Bankruptcy Court,
N.D. New York.

Sept. 9, 1996.

Lee E. Woodard, Chapter 7 Trustee, Syracuse, NY.

Philip Tripolone, Syracuse, NY, for Debtor.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

The within contested matter is before the Court by way of a motion filed by the Chapter 7 trustee, Lee E. Woodard, Esq. ("Trustee"), on May 6, 1996, objecting to the claim of exemptions filed by Adrian E. Pless, Jr. ("Debtor"). The Court heard oral argument at its regular motion term on June 18, 1996, in Syracuse, New York. The parties were afforded an opportunity to file memoranda of law, and the matter was submitted for decision on July 9, 1996.

### JURISDICTIONAL STATEMENT

The Court has jurisdiction over the parties and the subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1) and (b)(2)(B).

### FACTS

The Debtor was injured while a passenger in a motor vehicle on June 8, 1991, which resulted in the loss of one of his legs. *See* ¶ 3 of Debtor's Answer to Trustee's Objection. As a result of the accident, the Debtor received a settlement from the driver's insur-

ance company for $25,000.00 ("Settlement") *See id.* A check was issued on November 29, 1994, and allegedly the monies were deposited into the escrow account ("Escrow Account") of the Debtor's attorney of record in the personal injury action, Emanuel Neri, Esq. ("Neri") *See id.*

On March 25, 1996, Debtor filed a voluntary petition ("Petition") seeking relief pursuant to Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). In Schedule C of the Debtor's Petition, Debtor claimed a cash exemption of $2,500 pursuant to New York Debtor & Creditor Law ("NYD & CL") § 283(2). He also listed the balance of the Settlement, namely $11,975 [1], as exempt pursuant to NYD & CL § 282(2) and (3).

### ARGUMENTS

The Trustee makes the argument that the Debtor is not entitled to claim $7,500 as exempt pursuant to NYD & CL § 282(3) and $2,500 as exempt pursuant to NYD & CL § 283(2). Trustee does acknowledge that the money held in the Escrow Account is traceable to a payment for personal injury and that the Debtor is entitled to exempt $7,500. Trustee asserts, however, that the balance of the monies held in the Escrow Account constitutes property of the estate.

Debtor asserts that NYD & CL § 283 expressly states that "notwithstanding § 282" a debtor is entitled to a maximum cash exemption of $2,500, subject to certain conditions set forth in the statute. Debtor argues that he should not be penalized by the fact that the Settlement occurred prepetition and that if it had not, he could have claimed both a cash exemption and an exemption with respect to his right to receive payment in connection with the personal injury action. As an alternative, the Debtor contends that the balance of the monies in the Escrow Account, over and above $7,500, represents a loss of future earnings and is exempt to the extent that the monies are reasonably necessary for the support of the Debtor pursuant to NYD & CL § 282(3)(iv).

### DISCUSSION

Code § 541(a)(1) creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" wherever located and by whomever held. Said property is available for distribution among the various creditors of the Debtor except to the extent that it may be exempted under federal or state law. *In re Corbi,* 149 B.R. 325, 329 (Bankr. E.D.N.Y.1993).

The Trustee in this case bears the burden of proving by a preponderance of the evidence that the exemptions claimed by the Debtor are improper. Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 4003(c); *In re McNeill,* 193 B.R. 654, 659 (Bankr.E.D.N.Y.1996) (citations omitted). Bankruptcy exemptions are determined as of the date the Petition was filed. *In re De-Vries,* 76 B.R. 917, 918 (Bankr.N.D.N.Y.1987) (citations omitted). Pursuant to Code § 522(b)(1), New York has opted out of the federal exemptions. NYD & CL § 284; *In re Moore,* 177 B.R. 437, 440 (Bankr.N.D.N.Y. 1994), citing *In re Maidman,* 141 B.R. 571, 572 (Bankr.S.D.N.Y.1992). In this case, the Court considers NYD & CL §§ 282 and 283, recognizing that exemption statutes are to be liberally construed in order to effectuate the Debtor's "fresh start." *DeVries, supra,* 76 B.R. at 917 (citations omitted).

NYD & CL § 282(3)(iii) allows a debtor to exempt property that is traceable to a payment, not to exceed $7,500, on account of personal bodily injury of the debtor. Pursuant to NYD & CL § 282(3)(iv), a debtor is also permitted to exempt property traceable to a payment in compensation of loss of future earnings of the debtor "to the extent necessary for the support of the debtor and any dependent of the debtor." NYD & CL § 283(2) provides a debtor with a "contingent alternative bankruptcy exemption." In the situation in which a debtor has not claimed

---

**1.** Subsequent to the filing of the Petition, Debtor learned that the State University of New York Health Science Center at Syracuse held a valid lien in the amount of $2,454.58, leaving the sum of $9,520.42 for the bankruptcy estate, subject to any exemptions to which it is determined Debtor is entitled.

an exemption in his/her residence pursuant to § 5206 of the New York Civil Practice Law and Rules ("NYCPLR") and has claimed personal property referenced in NYD & CL § 283(1) with an aggregate value of less than $5,000, a debtor is allowed to exempt cash in the amount by which $5,000 exceeds the aggregate of his/her exemption referenced in NYD & CL § 283(1) or $2,500, whichever is less. "Cash" is defined in NYD & CL § 283(2) as "currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution."

The Trustee acknowledges the Debtor's entitlement to $7,500 of the monies held in the Escrow Account as property traceable to payment for personal bodily injury. The question is whether the remaining $2,020.42 can be exempted as "cash" pursuant to NYD & CL § 283(2).

In Schedule B of his Petition, the Debtor identified $11,975 as "cash on hand" being held by Neri. Debtor identified no other "cash on hand" on deposit in any state or federally chartered depository institution. Certainly, if such funds did exist, separate and distinct from the monies held in the Escrow Account, Debtor would be entitled to exempt said monies to the extent permitted by NYD & CL § 283(2).

Debtor's argument that he is somehow being prejudiced by having entered into the Settlement prior to filing his Petition is without merit. Since his entitlement to exempt property from the estate is determined as of the date he commenced his bankruptcy case, the only "cash" available to the Debtor would not have included any future interest he might have had in the personal injury action had settlement not occurred prepetition.

■ As of the date the Debtor's case was commenced, the monies at issue were allegedly held in the Escrow Account by Debtor's attorney. Arguably, the monies were held in a deposit account in a state or federally chartered depository institution in the name of Neri's law firm. However, the deposit of monies into the Escrow Account

created only an equitable interest in said funds in the Debtor until all conditions had been performed under the terms of the Settlement. *See Matter of O.P.M. Leasing Services, Inc.,* 46 B.R. 661, 667 (Bankr.S.D.N.Y. 1985). The fact that Neri was the Debtor's attorney at the time and, therefore, his agent in some respects, does not change the nature of the Debtor's interest in the monies. "'Prior to the happening of any of the conditions upon which the escrow agreement operates, the escrow agent is not empowered to act for either party. Although he may be an agent for one of the parties in other respects, with respect to the instrument in escrow his powers are solely limited to those stipulated in the escrow agreement.'" *Stein v. Rand Const. Co., Inc.,* 400 F.Supp. 944, 948 (S.D.N.Y.1975) (quoting *In re Dolly Madison Industries, Inc.,* 351 F.Supp. 1038, 1042 (E.D.Pa.1972)). Accordingly, the fact that the monies were on deposit in the Debtor's attorney's escrow account is insufficient to enable the Debtor to claim the monies as "cash" as defined in NYD & CL § 283(2). While cognizant of the fact that exemption statutes are to be liberally construed, the Court concludes that Debtor's claim of exemption in the amount of $2,020.42, held in the Escrow Account, must be denied pursuant to NYD & CL § 283(2).

■ In the alternative, the Debtor asserts that the balance of the monies in the Escrow Account, namely $2,020.42, is exempt pursuant to NYD & CL § 282(3)(iv) as payment in compensation of future earnings of the Debtor to the extent reasonably necessary for his support. Apparently, there was no allocation made with respect to the monies to be paid to the Debtor under the terms of the Settlement delineating a portion to bodily injury and another to the loss of future earnings. According to the Statement of Financial Affairs, Debtor had been receiving $583.00/month in disability benefits up until January 1996, and at the time he filed his Petition a disability hearing was pending. Whether or not the monies from the Settlement were intended to compensate the Debtor for the loss of future earnings and were reasonably necessary to support the Debtor at the time he filed his Petition is not for the Court to

speculate. *See Corbi, supra,* 149 B.R. at 331. Therefore, it will be necessary to schedule a hearing to determine whether, as a result of the automobile accident and the loss of his leg, Debtor experienced a loss of future earnings and that a portion of the Settlement could be deemed reasonably necessary to support the Debtor given the loss of future earnings.

Based on the foregoing, it is hereby

ORDERED that Debtor's claimed exemption pursuant to NYD & CL § 282(3)(iii) in the amount of $7,500 is allowed; it is further

ORDERED that Debtor's claimed exemption pursuant to NYD & CL § 283(2) in the amount of $2,020.42 is denied to the extent set forth herein; and it is further

ORDERED that the Court shall conduct an evidentiary hearing at the U.S. Courthouse, 10 Broad Street, Utica, New York on October 3, 1996 commencing at 2:00 P.M., at said hearing the Court shall determine Debtor's right to claim the sum of $2,020.42 as exempt pursuant to NYD & CL § 282(3)(iv).